UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FREDERICK LAWRENCE SNYDER, JR.,**

Petitioner,

vs.   **Case No.** 3:03-cr-223-J-12TEM
3:06-cv-943-J-12TEM

**UNITED STATES OF AMERICA,**

Respondent.

---

## ORDER

This cause is before the Court on the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Doc.1, Crim. Doc. 106) and accompanying Memorandum of Law in Support (Doc.2), filed October 27, 2006. The Respondent filed a Response in Opposition (Doc.6) on December 1, 2006. On December 14, 2006, the Petitioner filed a reply to the Respondent's response (Doc.7).

The Petitioner raises the following issues of ineffective assistance of counsel in his §2255 motion: 1) failure to investigate and challenge the procedure used by Sheriff's officers to search his residence; 2) failure to challenge the denial of his suppression motion on appeal; 3) failure to investigate and render competent advice regarding the amount of marijuana to which the Petitioner pled guilty; and 4) failure to object to matters concerning the Petitioner's criminal history. Upon review of the record and the submissions of the parties, for the reasons set forth in the Respondent's response (Doc. 6,) as well as those set forth below, the Court will deny the Petitioner's §2255 motion.

At his change of plea hearing on March 23, 2004, the Petitioner was sworn and advised of the consequences of his failure to tell the truth. Crim. Doc. 64 at 3-4. The Court then personally addressed numerous questions to him pursuant to Fed.R.Crim.P. 11 so as to ascertain that his guilty plea was knowing and voluntary.

As to the first two issues the Petitioner raises, he waived his "right to challenge the way the United States obtained any evidence, statement, or confession in the case" and "the right to challenge on appeal any rulings the court may have made" when he pled guilty. Id. p.8. As to the third ground, the Petitioner admitted that the offense to which he pled guilty involved more than 100 marijuana plants when he pled guilty without threat, coercion or intimidation, admitting that the factual basis provided by the Respondent was correct as to the amounts of marijuana indicated and that he in fact cultivated more than 100 marijuana plants. Id. at 13-14, 15-17, and 20-21. The Petitioner has not challenged his plea on the grounds that it was not knowing and voluntary. As a result, with respect to the first three grounds he raises, the Petitioner cannot show the prejudice required to establish ineffective assistance of counsel when his assertions post-sentencing contradict his previous sworn statements to the Court.

As to the fourth ground raised by the Petitioner, he is mistaken as a matter of law that his conviction for "simple" possession of cocaine did not qualify as a predicate felony drug offense qualifying him for a statutorily enhanced sentence pursuant to 21 U.S.C. 841(b)(1)(B). Petitioner claims that 18 U.S.C. §3559 supports this ground, because it classifies as a misdemeanor any offense which carries a maximum term of imprisonment of one year or less. That section however, merely classifies federal criminal offenses that are not otherwise defined elsewhere in the United States Code. As the Respondent notes,

the offense for which the Petitioner was convicted and sentenced was a felony drug offense as defined by the State of Florida pursuant to Fla. Stat. §893.13(6)(a). The Court also notes that such offense also would be classified as a felony pursuant to 21 U.S.C. §841(b)(1)(c) and 18 U.S.C. §3559. Section 841 does not define any misdemeanor federal cocaine (Schedule II) controlled substance offenses. Therefore, this claim for ineffective assistance of counsel fails as well.

The Petitioner also filed a motion to appoint counsel in this matter (Doc.8) on January 31, 2007. The Court will deny that motion as moot. Accordingly, it is

**ORDERED AND ADJUDGED:**

1.   That the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Doc.1, Crim. Doc. 106) is denied;

2.   That Petitioner's motion to appoint counsel (Doc.8) is denied as moot; and

3.   That the Clerk is directed to enter Judgment, close the case, and terminate all pending motions and deadlines.

**DONE AND ORDERED** this 21st. day of February 2007.

　　　　　　　　　　　　　　　　　　　Howell W. Melton
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
　AUSA (Morris)
　Petitioner